UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ECP STATION I LLC,**

    **Plaintiff,**

v.                                                                       Case No: 8:15-cv-589-T-AAS

**JJS CHEVRON, INC.,** *et al.*,

    **Defendants.**
_____/

## **ORDER**

This matter comes before the Court *sua sponte*. For the reasons stated below, this action is dismissed and the Amended Final Judgment of Foreclosure (Doc. 80) is vacated.

**I.    BACKGROUND**

On April 25, 2016, the Court entered an Order (Doc. 80) and Amended Final Judgment of Foreclosure (Doc. 81) in the above-styled action. On May 2, 2016, Plaintiff filed a Motion to Vacate or Suspend Order and Judgment Temporarily to Allow Response. (Doc. 82). On May 4, 2015, SK Petroleum, Inc. and Perfect Petroleum filed a Motion for Relief From or Reconsideration of Order. (Doc. 85).

After reviewing the docket, including the Amended Complaint (Doc. 24), the undersigned concluded that Plaintiff had not properly alleged federal subject matter jurisdiction in this matter. On June 24, 2016, the Court entered an Order directing Plaintiff to file sufficient evidence for the Court to identify the citizenship of its limited liability members for purposes of diversity jurisdiction no later than July 8, 2016. (Doc. 87). If no such evidence was filed, the parties were directed to show cause, no later than July 15, 2016, why the Court should not vacate the final

1

judgment and dismiss this action for lack of subject matter jurisdiction. (*Id.*). To date, Plaintiff has not filed evidence of federal jurisdiction and neither party has shown cause why this action should not be dismissed.

## II.     ANALYSIS

Federal courts are of limited jurisdiction, and, therefore, are obligated to inquire into their subject matter jurisdiction, regardless of whether the parties have asserted a challenge to the Court's jurisdiction. *University of South Ala. v. American Tobacco Co.,* 168 F.3d 405, 409-10 (11th Cir. 1999).

In this case, Plaintiff predicated federal subject matter jurisdiction on diversity of citizenship. (Doc. 24, ¶9). The Amended Complaint alleges that Plaintiff is a Delaware limited liability company with its principal place of business in Colorado and "is a citizen of Delaware for diversity purposes." (Doc. 24, ¶1). However, unlike a corporation, a limited liability company is a citizen of every state in which each of its members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Pierre's Resort, LC v. Interstate Mgmt. Co., LLC*, No. 6:08-cv-294-Orl-18DAB, 2009 WL 395788, at *2 (M.D. Fla. Feb. 17, 2009). Plaintiff has the burden of establishing diversity jurisdiction, including the citizenships of all the members of the limited liability company. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Diversity of citizenship is not apparent from the record and a federal question does not appear on the face of the Amended Complaint. *See* 28 U.S.C.A. § 1331. Therefore, Plaintiff has failed to carry its burden of establishing subject matter jurisdiction.

"A district court has no power to enter judgment if it lacks subject matter jurisdiction." *Hedge Capital Investments Ltd. v. Sustainable Growth Grp. Holdings LLC*, 593 F. App'x 937 at *942 (11th Cir. 2014)(unpublished) citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

94–95 (1998). Moreover, the Court is "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004)(citation omitted). If the Court is without subject matter jurisdiction over this case, the Court must set aside the previously entered judgment and dismiss the case. *See RES-GA Creekside Manor, LLC v. Star Home Builders, Inc.*, No. 2:10-cv-207-RWS, 2011 WL 6019904 at *1-2 (N.D. Ga. Dec. 2, 2011).

Here, Plaintiff was directed to file sufficient evidence for the Court to identify the citizenship of the limited liability members and Plaintiff's resulting citizenships for purposes of diversity jurisdiction. (Doc. 87). No such evidence was filed and neither party has shown cause why this action should not be dismissed for lack of jurisdiction.[1]

### III.   CONCLUSION

Accordingly and upon consideration, it is **ORDERED**:

This action is **DISMISSED** and the Amended Final Judgment of Foreclosure (Doc. 80) is **VACATED.** The Clerk is directed to close the file.

**DONE AND ORDERED** in Tampa, Florida on this 19th day of July, 2016.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] Federal Rule of Civil Procedure 16(f) provides that the Court may on motion or on its own "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Rule 37(b)(2)(A)(v) authorizes the Court to dismiss the action or proceeding in whole or in part. In addition, Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action where the plaintiff "fails to prosecute or to comply with these rules or a court order."